[Civ. No. 11166. Second Appellate District, Division Two.—November 20, 1936.]

ETHEL ROSEN, Appellant, v. LOUIS ROSEN, Defendant; L. G. KOERNER et al., Respondents.

Joe Wapner for Appellant.

E. A. Tucker, R. W. Richardson and Leo M. Zinner for Respondents.

WOOD, J.—Plaintiff obtained a judgment against defendant Louis Rosen and levied upon a bank account standing in the name of Elsie E. Traub, also known as Elsie E. Rosen. Third party claims were presented by L. G. Koerner and Elsie E. Traub. Proceedings were conducted in accordance with section 689 of the Code of Civil Procedure. The trial court rendered judgment in favor of both third party claimants and from this judgment plaintiff prosecutes the appeal.

Respondent Elsie E. Traub is now the wife of Louis Rosen. Approximately nine months before their marriage she opened a bank account at the Brooklyn and Soto branch of Bank of America National Trust and Savings Association. At that time she deposited certain funds of her own and later made further deposits of her own money. She permitted defendant Rosen to deposit receipts of his business in this account and to draw checks thereon in the conduct of his business. On April 29, 1936, Elsie E. Traub drew a check in the sum of $265 in favor of L. G. Koerner. This check was deposited by Koerner on May 6, 1936, in the Sixth and Main branch of Bank of America National Trust and Savings Association. At the close of business on May 6, 1936, the balance on deposit in Elsie E. Traub's account was $533.37. The execution was levied at 12:15 P. M. on the afternoon of May 7, 1936. The trial court found that title to $265 rested in L. G. Koerner and that title to the remainder on deposit rested in Elsie E. Traub and gave judgment accordingly.

■ The appeal with reference to the Koerner claim turns upon the question whether the bank had accepted the check prior to the levy of the attachment (Civ. Code, sec. 3265e). The Bank of America National Trust and Savings Association conducts a number of branches in the city of Los Angeles and maintains a private clearing house for its various branches. It is the custom of the bank to make final postings in the accounts in the evening after the regular banking hours. In accordance with the custom of the bank the Koerner check reached the Brooklyn and Soto branch some time between 8:30 and 9:15 A. M. on the morning of May 7, 1936. This check, together with other early morning clearings, was run off on the adding machine, sorted alphabetically and checked for date, endorsement and genuineness of the signature of the drawer. If the branch bank had done its own posting the check would have been approved by about 10 A. M. and the posting would have been finished by noon. Under the facts shown in evidence the court properly held that the bank accepted the check before the levy of the execution. Nothing appears in the code to require final posting as a prerequisite to fixing the liability of the bank. The evidence was sufficient to sustain the finding as regards the Koerner claim.

■ Upon the withdrawal of the sum of $265 for the Koerner check there remained in the Traub account the sum of $268.37. Evidence was introduced before the trial court to sustain a finding that Elsie E. Traub had on deposit in her account of her own separate funds a sum greater than $268.37. Her separate property was not subject to garnishment for a debt of her husband (Civ. Code, sec. 171). The character of the wife's separate property is not changed by the mingling of the husband's funds in the same account with her own. (*People* v. *Kirkpatrick*, 77 Cal. App. 104 [246 Pac. 84].)

The judgment is affirmed as to each claimant.

Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1937.